**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

PATRICIA A. SCOTT,

    Plaintiff,

vs.

CASE NO. 3:08-cv-147-J-16TEM

THE JACKSONVILLE
SHERIFF'S OFFICE,

    Defendant.

_____

## **REPORT AND RECOMMENDATION[1]**

This case is before the Court on Plaintiff's Second Amended Complaint (Doc. #15) as well as Plaintiff's request to proceed *in forma pauperis*, contained in the Affidavit of Indigency (Doc. #8). Upon initial review of Plaintiff's complaint (Doc. #1), the Court noted several deficiencies, which it then afforded Plaintiff an opportunity to correct by May 20, 2008 (see Doc. #12, Court Order). This Court cautioned Plaintiff that a failure to file an amended complaint as directed by the order may result in a recommendation to the district judge that this case be dismissed (Doc. #12 at § 1).

Plaintiff timely filed an amended complaint on May 15, 2008 (Doc. #14). Subsequently, Plaintiff filed a second amended complaint on June 4, 2008 (Doc. #15). However, upon examination of the second amended complaint (Doc. #15), the Court has determined the noted deficiencies were not corrected. Thus, the undersigned finds this suit

---

[1] Any party may file and serve specific, written objections hereto within TEN (10) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 (b), 6(a) and (d); Local Rule 6.02(a), United States District Court for the Middle District of Florida.

is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2).

The Court previously explained that an individual may be allowed to proceed *in forma pauperis* if she declares in an affidavit that she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or . . . "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*. *See id.*

The United States Supreme Court observed that "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However, the Supreme Court cautioned that a case should only be dismissed as frivolous if it relies on meritless legal theories or facts that are clearly baseless. *See id.* at 327. Further, the Eleventh Circuit has found that courts should permit a *pro se* litigant, who is seeking *in forma pauperis* status, the opportunity to amend a deficient complaint before dismissing pursuant to § 1915 for failure to state a claim. *Troville v. Venz*, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002).

Although the Court permitted Plaintiff the opportunity to amend the deficient complaint, a review of the second amended complaint shows Plaintiff still has failed to state a valid claim upon which relief might be granted. In this case, Plaintiff alleges discrimination by the Jacksonville Sheriff's Office under the Americans with Disabilities Act of 1990 (ADA) (Doc. #15 at 7). Specifically, Plaintiff alleges the Jacksonville Sheriff's Office

excluded her from receiving "the full benefits from a program that are [sic] provided to all individuals who has [sic] been a victim of a crime" (Doc. #15 at 7). Plaintiff states someone entered her apartment and vandalized her property (*see generally* Doc. #15). Plaintiff alleges the Jacksonville Sheriff's Office failed to investigate the crimes Plaintiff reported (*see generally* Doc. #15). Plaintiff also complains that the Jacksonville Sheriff's Office damaged her character by wrongfully stating she has a history of mental illness (Doc. #15 at 5). Plaintiff claims she is disabled because her ability to squat, bend, and lift are limited (Doc. #15 at 7). She further claims she is a recovering alcoholic (Doc. #15 at 5).

In order to state a claim under 42 U.S.C. § 12131 of the ADA, an individual must show: (1) that she is a qualified individual with a disability; (2) that she was either excluded from participation in or was denied benefits of services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that such discrimination was the result of Plaintiff's disability. *Bircoll v. Miami-Dade County*, 480 F.3d 1072, 1083 (11th Cir. 2007).

In this case, Plaintiff again fails to allege any facts demonstrating that she is a qualified individual with a disability who meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by the Jacksonville Sheriff's Office. Although Plaintiff alleges one or more of her major life activities is substantially limited by her physical impairment, she does not identify the physical impairment (Doc. #15 at 7).

While Plaintiff indicates she was excluded from services and programs the Jacksonville Sheriff's Office offers to all individuals, Plaintiff fails to state any facts supporting her allegation that she was denied access to these services because of her

disability. Furthermore, there is a question of whether the Jacksonville Sheriff's Office actually had a duty to investigate her claim of vandalism. Investigations by law enforcement officers are more typically a discretionary function than a duty to be performed in each and every instance. *See Albra v. City of Fort Lauderdale*, 232 F. Appx. 885, 889 (11th Cir. 2007) (holding that plaintiff was not denied public benefits under the ADA because the city police did not have a duty to investigate a crime he reported) (unpublished opinion).[2] Additionally, similar to *Albra*, Plaintiff here has failed to establish any causal connection between the alleged refusal to investigate and the asserted disability. *See id.* Accordingly, this Court finds Plaintiff's second amended complaint fails to state a claim upon which relief may be granted.

Upon review of the second amended complaint as filed, the undersigned finds the complaint is frivolous on its face and **recommends *in forma pauperis* status be DENIED with prejudice and this action be DISMISSED without prejudice** to Plaintiff refiling a properly amended, paid complaint.

**DONE AND ENTERED** at Jacksonville, Florida this 12th day of August, 2008.

THOMAS E. MORRIS
United States Magistrate Judge

Copies to:
Hon. John H. Moore, II
United States District Judge

*Pro Se* Plaintiff
Counsel of record

---

[2] Unpublished opinions are not considered binding authority; however, they may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.